intendment, and, so long as the fact appears, the rule is satisfied. The rule in regard to these examinations has been liberally extended by the courts, (*Herbage* v. *City of Utica,* 109 N. Y. 81, 16 N. E. Rep. 62; *Goldberg* v. *Roberts,* 5 Civil Proc. R. 96;) and it can, in furtherance of justice, be applied to this case. We find no error, and the order appealed from must be affirmed, with costs.

---

### BRUMFIELD *v.* POTTIER & STYMUS MANUF'G CO.

*(City Court of New York, General Term.* October 24, 1892.)

1. FACTORS AND BROKERS—ACTION FOR COMMISSIONS.
In an action for brokerage for effecting a lease, a finding for plaintiff on the question whether he was the procuring cause excludes the idea that any other agency co-operated to bring about that result.

2. SAME—EVIDENCE.
In such an action, evidence as to mere conversations, in the absence of plaintiff, between defendant's officers and other parties in regard to the letting, no action having been taken thereon, is immaterial and inadmissible.

Appeal from trial term.

Action by Eva Brumfield against the Pottier & Stymus Manufacturing Company. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and McCARTHY, J.

*Brewster Kissam,* for appellant. *Dennison & Hall,* for respondent.

EHRLICH, C. J. The employment of a broker does not preclude the owner from making other efforts to sell or rent, and if, without the broker, a sale or renting is effected, the broker, as matter of course, gets nothing. The question at issue here was whether the plaintiff was the procuring cause of the letting, and the jury, on the evidence, found that she was,—a finding which negatives the idea that any other agency co-operated to bring about the result. The evidence was sufficiently strong to warrant the finding made by the jury, and their verdict should stand, unless error was committed in excluding testimony tending to prove that other agencies brought about the result finally reached. The trial judge did not exclude evidence of any fact tending to show what other brokers or persons did in the premises, or what they accomplished with reference to the letting for which brokerage was claimed. The evidence excluded was as to the conversations with other persons in the absence of the plaintiff. What was said to them by the defendant's officers was immaterial; while what such other persons did (whether employed or not) in the way of bringing about the letting for which the plaintiff claims compensation was relevant,—indeed, might be controlling. The evidence excluded was not of this material character, and its exclusion was not error requiring correction or a new trial. It follows that the judgment and order appealed from must be affirmed, with costs.